PER CURIAM:
*51 Claimant brought this action for vehicle damage which occurred when his vehicle struck a hole on Interstate 64, westbound, near the Huntington airport. The westbound lane of Interstate 64 is maintained by the respondent in Wayne County. The Court is of the opinion to make an award for reasons more fully stated below.
The incident giving rise to this claim occurred on April 18, 1998, at approximately 10:30 p.m. The weather was wet, rainy and dark. Claimant, who is domiciled in Greenup County, Kentucky, was traveling west on Interstate 64 in Wayne County. Construction work had commenced on Interstate 64, so traffic was merged into the left-hand lane and claimant had reduced his vehicle speed to approximately fifty-five miles per hour. Claimant did not know that there was a hole on Interstate 64. Without warning, claimant’s 1997 Jeep Cherokee hit the hole on the interstate. The hole was deep. Immediately, both of the tires on the driver’s side burst. As claimant made his way to the other side of the road, he noticed four other vehicles that also had damaged tires. Because two tires had burst, claimant had to have his vehicle towed. Subsequently, claimant’s vehicle was towed to the BP station on U. S. Route 23, in Greenup County, Kentucky. Claimant had a deductible of $500.00 on his collision insurance coverage. The resulting damage to claimant’s vehicle was $295.56, for two tires and a tow bill.
Respondent denied liability for the accident in question. Respondent acknowledges that claimant collided with the hole in the westbound lane of 1-64. However, respondent introduced evidence that a contractor was doing repair work on this portion of 1-64 on the day in question pursuant to a contract between respondent and the contractor. The contract between the respondent and contractor included a “save harmless” provision and the respondent takes the position that the “save harmless” provision constitutes a defense to the claim against it. We disagree. We hold that the respondent cannot avail itself of the protection of a “save harmless” provision in a contract between the respondent and the respondent’s contractor as against an injured third party, the claimant, who is not privy to said contract.
A review of the facts in this claim reveals that respondent’s employees who had a duty to inspect the site conditions of the project failed to protect the traveling public from a hazardous condition and we hold that this failure constitutes negligence. In a previous decision, Bailey v. Div. of Highways, (CC-98-146, Opinion issued September 8,1999). The Court held that respondent had a duty to inspect the construction site and to a ct u pon it s in spection in a p roper m anner. Failure to do s o w as h eld t o b e negligence.
Accordingly, the Court is of the opinion to and does make an award in the amount of $295.56 to claimant.
Award of $295.56